■ BUCKINGHAM APARTMENTS, LTD., et al., Respondents, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff, the Buckingham Apartments, Ltd. (hereinafter Buckingham), purchased a policy of insurance containing a "Directors and Officers Liability Endorsement" from the defendant, which provided for indemnification for a loss arising from a claim made against an officer or director of the corporation "acting in his [or her] capacity as such but only when such Director or Officer shall be entitled to indemnification pursuant to the law or the charter or by laws of the Company".

Subsequently, Buckingham was sued in an action entitled *253 Garth Assoc. v Buckingham Apts.,* which sought, *inter alia,* to enjoin Buckingham and its "directors, officers, agents, members and employees" from taking certain actions. However, no directors or officers were named as defendants in the action. Buckingham submitted a claim to the defendant seeking indemnification under the policy, and the defendant disclaimed liability. Thereafter, the plaintiffs instituted the instant declaratory judgment action. Special Term concluded that the plaintiffs were entitled to coverage, that any ambiguity in the policy provisions must be construed against the defendant, and that the fact that the officers and directors were not named individually in the lawsuit was of no moment. We disagree.

The policy expressly limits recovery to those instances in which an officer or director is entitled to indemnification from the corporation, or where an officer or director is obligated to pay an amount based upon his legal liability for an actual or asserted wrongful act. At bar, there is no indication that officers or directors were entitled to indemnification or that they were obligated to pay any amount. Indeed, it would have been impossible to make such a showing in view of the fact

that no directors or officers were named as defendants in the aforementioned action, and they therefore had no reason to defend themselves.

Inasmuch as there is no ambiguity in the policy regarding the coverage under the facts presented in this case, there is nothing to construe against the defendant insurer.

The plaintiffs' remaining contentions have been considered and found to be without merit. Mangano, J. P., Weinstein, Lawrence and Eiber, JJ., concur.