■ 85-10 34TH AVENUE APARTMENT CORPORATION, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent. [725 NYS2d 98] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Maliner-Colvin v 85-10 34th Ave. Apt. Corp.*, pending in the Supreme Court, Queens County, under Index No. 10381/96, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Dye, J.), dated February 10, 2000, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action, and (2), as limited by its brief, from so much of an order of the same court entered August 2, 2000, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 10, 2000, is dismissed, as that order was superseded by the order entered August 2, 2000, made upon reargument; and it is further,

Ordered that the order entered August 2, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff, 85-10 34th Avenue Apartment Corporation (hereinafter the Co-op), purchased a policy of insurance containing a "Directors and Officers Errors or Omissions Liability Endorsement" from the defendant, Nationwide Mutual Insurance Company (hereinafter Nationwide), which provided for defense and indemnification for any loss arising from a claim made against an officer or director of the Co-op.

Subsequently, the Co-op was sued in an action entitled *Maliner-Colvin v 85-10 34th Ave. Apt. Corp.*, which sought, *inter alia*, a judgment that Susan R. Maliner-Colvin was the holder of "unsold shares" in an apartment she leased from the Co-op. Ms. Maliner-Colvin alleged that the Co-op's Board of

Directors refused to allow her to sublease the apartment. However, no directors or officers were named as defendants in the action. The Co-op submitted the claim to Nationwide, which disclaimed coverage. Thereafter, the Co-op instituted the instant declaratory judgment action. The Supreme Court concluded that the Co-op is not entitled to defense and indemnification. We agree.

The "Directors and Officers Errors or Omissions Liability Endorsement" expressly limits recovery to those instances where an officer or director is entitled to indemnification from the corporation, or where an officer or director is obligated to pay an amount based upon his legal liability for an actual or asserted wrongful act. Here, no such showing can be made, since no directors or officers were named as defendants in the underlying action. Therefore, the Co-op is not entitled to defense and indemnification under the endorsement (*see, Buckingham Apts. v Liberty Mut. Ins. Co.,* 124 AD2d 774).

The Co-op's argument advanced in its motion, *inter alia,* to reargue, that it is entitled to coverage under the commercial liability endorsement, was not properly before the Supreme Court as it was not raised in the original motion papers (*see,* CPLR 2221 [d]; *Pistolesi v North Country Ins. Co.,* 210 AD2d 961). Krausman, J. P., S. Miller, McGinity and Schmidt, JJ., concur.